IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William A. Henley, #303810, ) | |
| ) | Civil Action No. 2:11-1487-JFA-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| William Byars, SCDC Commissioner; ) | |
| Willie Eagleton, Evans Warden; ) | |
| Thomas Moore, SCDC Medical Director; ) | |
| B. Drego, Evans Medical Doctor; ) | |
| Amy Smith, Evans Head Nurse, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Plaintiff's Motion for a Preliminary Injunction (Dkt. # 16). The Defendants have filed a Response in Opposition. (Dkt. # 20).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his motion, the Plaintiff alleges that he is suffering from an Achilles tendon injury and urinary dysfunction. He alleges that the Defendants have refused to provide him with full treatment from outside sources, including specialists. He is seeking an order requiring the Defendants to provide "full medical treatment and evaluation" of his

Achilles tendon injury and of his urination dysfunction condition. He states that if he does not receive such treatment, he will slip into a deep depression.

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establish es a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003). Fed.R.Civ.P. 65(b)(1)(A). Rule 65 of the Federal Rules of Civil Procedure requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The Supreme Court has set forth four factors which the Petitioner must establish in order to be granted preliminary injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities is in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, — U.S. ----, 129 S.Ct. 365 (2008). *See Neiswender v. Bank of America*, No. 09-2595, 2009 W L 1834406, at *1 (N.D.Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

Without a showing that the Plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The Plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

The Plaintiff has not shown that irreparable harm is likely to occur if his motion is denied.  There is no evidence in the record that the Plaintiff will suffer irreparable harm.  Nor has the Plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief.  Therefore, the Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction.

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for a Preliminary Injunction (Dkt. # 16) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 12, 2011
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).